Gaston, Judge.
 

 The only question in this case is, whether the estate, which the female lessor once had in the premises, was transferred to the defendant under the sale and conveyance of her guardian. This question depends upon the enquiry whether the order of sale, made by the County
 
 *261
 
 Court,of Perquimons, did or did not transcend the power of the court. It the court were competent to make the order, the sale under it must be held valid, although the guardian might have sold more than was necessary to effectuate the objects of the sale. The purchaser was bound to look no farther than to his authority, and had no control over the exercise of his discretion, while acting within the limits ol that authority. The power ot the court to make the order, if it exists at all, is derived from the act of 1769, ch. 311, sect. 5, (Rev. Stat. ch. 63, sect. 11.) It seems to us that this act does not confer on the court a
 
 general
 
 power to make orders of sale, but confers a power, limited in its terms and restricted by its objects, to make orders; to sell designated parts of an orphan’s estate to pay ascertained debts against such estate. The material enactments of it are, that “when a guardian shall have notice of any debt or demand against the estate of his ward, he may apply to the court for an order to sell
 
 so much
 
 of the personal or real estate of such ward, as may be sufficient to discharge
 
 such debt or demand?’
 
 — and such order of court shall “
 
 particularly specify
 
 what property may be sold.” It is obvious that the Legislature intended, and therefore we hold that the Legislature required, that the judgment of the court should be exercised in deciding whether there were any debt or demand against the estate of the ward to'render a sale of his property expedient — and if' so, then in selecting the part or parts his property, which could be disposed of with least injury to the ward. The order before us manifestly departs from both these requisitions. If valid, it authorizes the guardian to sell any part he pleases of the ward’s land, which he may deem necessary for the payment of debts against her father’s estate. The court, instead of exercising its own discretion on the subjects, whereon the Legislature required it to act, has undertaken to delegate that discretion to the guardian.
 

 This cannot legally be done.
 
 Delegatus non potest delegare.
 

 The judgment below must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment accordingly.