In this action of ejectment, the following facts appeared: Thomas H. Harvey died in 1808, seized of the premises in fee, and left an only child, Mary Eliza, who married under the age of twenty-one years, and died under coverture, leaving two children, who are the lessors of the plaintiff and were infants when this suit was brought. In May, 1809, William Blount was duly appointed the guardian of Mary Eliza Harvey by the County Court of Perquimans, and at the same time the court passed an order in the words following: "Ordered, that he, the said William Blount, guardian, sell the land of said deceased Thomas Harvey, or so much thereof as will be sufficient to discharge the debts." In pursuance of that order the premises described in the declaration were sold by the said Blount, at public sale, to a person under whom the defendant came in, and was in possession at the commencement of this action.
On the foregoing statement, as a case agreed, the cause (432) was submitted in the Superior Court, upon an agreement that, if the court should be of opinion the plaintiff was entitled thereon to recover, judgment should be entered for him for the term and sixpence damages and costs; and, if otherwise, that there should be judgment for the defendant. Judgment was given for the plaintiff, and the defendant appealed.
The case is very defectively stated: omitting, for example, to set forth that the purchaser did or did not take a conveyance. But it is not material to advert to those considerations, since, supposing the best for the defendant on everything not stated, it appears affirmatively that his title is essentially defective, by reason that the order for the sale was unauthorized *Page 308 
and void. Leary v. Fletcher, 23 N.C. 259, is a direct authority to that point, and renders further discussion of the principle unnecessary.
PER CURIAM. Judgment affirmed.
Cited: Spruill v. Davenport, 48 N.C. 44.
(433)